IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREG GIFFORD, Individually and on behalf of all others similarly situated, § § § § | |
| *Plaintiff*, § § | Civil Action No. 3:21-877 |
| § | COLLECTIVE ACTION |
| v. § | JURY TRIAL DEMANDED |
| § | |
| VARSITY GAY LEAGUE, LLC, AND WILLIAM HACKNER, § § § § § | |
| *Defendants.* § | PURSUANT TO 29 U.S.C. §216(b) |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

Plaintiff, Greg Gifford ("Plaintiff" or "Gifford") files this Complaint against Varsity Gay League LLC ("VGL") and William Hackner ("Hackner") (collectively, Defendants), and would respectfully show the Court as follows:

### I.  SUMMARY

1. This is an action against Defendants for violating the Fair Labor Standards Act by failing to pay Plaintiff minimum wages for the hours he worked as the league manager for VGL, during the relevant time period.

2. Plaintiff brings this case on his own behalf and on behalf of all other league managers at VGL who were not paid minimum wage. Plaintiff on behalf of himself and all other similarly situated seeks unpaid wages, liquidated damages, costs and attorney's fees under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") for Defendants' failure to pay Plaintiff minimum wage for all time he worked on behalf of and for the benefit of Defendants.

3. Plaintiff files this claim as a collective action pursuant to 29 U.S.C. § 216(b) against Defendants.

## II.   THE PARTIES

4. Plaintiff is a natural person and is currently residing in Dallas, Texas. He has standing to bring this lawsuit.

5. Defendant VGL is a California limited liability company with the principal place of business in California.  It may be served via its registered agent, Sayla Jones, at 13317 Bartney Cove, Austin, Texas 78724, or wherever she may be found.

6. Defendant William Hackner is a natural person and is currently residing in Los Angeles, California.  Mr. Hackner may be served at 7961 Blackburn Ave. 1, Los Angeles, California, USA 90048.

## III.   JURISDICTION

7. The Court has personal jurisdiction over Defendants because at all relevant times, Defendants conducted business in the State of Texas and continue to do so at the present time.

8. The Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## IV.   VENUE

9. Venue is proper in the Dallas Division of the United States District Court for the Northern District of Texas, because Defendants maintain business operations in the Dallas Division and a substantial part of the events giving rise to Plaintiff's claims occurred in the Dallas Division.

## V.     FACTUAL BACKGROUND

10.     Varsity Gay League is a national Queer+ for-profit recreational sports league, founded in 2007.  It organizes various recreational sports and games through kickball, dodgeball, and volleyball leagues, among others.

11.     In Fall 2020, VGL hired Plaintiff as a "Co-General Manager of Dallas."  Despite this title, Plaintiff did perform managerial duties.  According to the employment agreement Plaintiff signed, he was to be paid 12.5% of all net profits earned during his tenure with VGL.

12.     Plaintiff worked for VGL from August 2020 until January 2021.  During that time, as an employee of VGL, Plaintiff attended volleyball games and made sure there were umpires and brought and collected equipment to and from the games, organized social events, updated VGL applications, posted information about the league events and answered questions about the league on social media.  While none of these activities rose to the level of "management," they did require significant time commitment from Plaintiff.

13.     VGL paid Plaintiff slightly more than $80.00 between August 2020 and January 2021, despite Plaintiff spending many hours performing various tasks for VGL.

14.     Hackner is the owner of VGL who has significant ownership interest in that company, and during the relevant time period, exercised day-to-day control of operations and was involved in the supervision and payment of employees, including Plaintiff.

15.     Defendants did not have a process in place to capture all of the time Plaintiff worked for VGL as required by 29 C.F.R. § 516.2(a).

16.     Plaintiff performed his job duties for Defendants, and Defendants were aware of the work Plaintiff performed.  Plaintiff performed that work for Defendants with the expectation

that he would be paid. However, as of the filing of this lawsuit, Plaintiff has not been paid the regular wages and other damages he is owed.

## VI.     CAUSES OF ACTION

### COUNT I: FLSA MINIMUM WAGE CLAIM

### (Against all Defendants)

17. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

18. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq*.

19. The time period relevant to Plaintiff's claim is three years preceding the date this lawsuit was filed and forward.

20. During the relevant time period, Defendants were an "employer" and/or "joint employer" of Plaintiff under the FLSA.

21. During the relevant time period, Plaintiff was an employee of Defendants under the FLSA.

22. During the relevant time period, Defendants were and have been an "enterprise engaged in commerce" as defined by the FLSA.

23. During the relevant time period, Defendants employed, and continue to employ, two or more employees who engaged in commerce.

24. On information and belief, at all times relevant to this lawsuit, Defendants have had annual gross sales or business volume in excess of $500,000.

25. At all times relevant, Plaintiff was an employee of Defendants pursuant to the Fair Labor and Standard Act, 29 U.S.C. § 203(e).

26. At all times relevant, Defendants have been an eligible and covered employer pursuant to the FLSA, 29 U.S.C. § 203(d).

27. Plaintiff is a former employee of Defendants who worked exclusively for Defendants in connection with Defendants' operations and was paid an hourly wage.

28. Plaintiff routinely performed "off the clock" work during his employment with Defendants.

29. Defendants failed to pay Plaintiff for that work, which included work in excess of 40 hours per workweek.

30. Defendants committed the foregoing acts knowingly, intentionally, and willfully.

31. Plaintiff seeks all damages available for Defendants' violations of the FLSA.

32. All conditions precedent to this suit, if any, have been fulfilled.

## VII. JURY DEMAND

33. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

34. Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   a. Actual damages in the amount of unpaid minimum wages;

   b. Liquidated damages in an equal amount to unpaid minimum wages;

   c. Post-judgment interest on the FLSA damages;

   d. Reasonable attorney's fees and costs;

   e. All available damages for the Texas law claims including pre-and post- judgment interest; and

   f. All other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _____
Elisaveta Dolghih
State Bar No. 24043355
Jamie R. Wilson
State Bar No. 24098623
Lewis Brisbois Bisgaard & Smith, LLP
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Tel: (214) 722-7108
Fax: (214) 722-7111
Leiza.Dolghih@lewisbrisbois.com
Jamie.Wilson@lewisbrisbois.com

**ATTORNEYS FOR PLAINTIFFS**